United States District Court
Southern District of Texas
**ENTERED**
April 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON WILSON, SPN #02476226, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-0774 |
| HERTZ RENTAL CAR, | § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Brandon Wilson (SPN #02476226), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), in connection with criminal charges that were filed against him for auto theft in 2012. Because the plaintiff is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Public records reflect that Wilson is presently in custody at the Harris County Jail on sexual assault charges lodged against him in Case No. 1557889, which is pending in the 183rd District Court for Harris County, Texas.[1] Invoking 42 U.S.C. § 1983, Wilson now sues the Hertz Rental Car company ("Hertz"), claiming that he was falsely charged with theft and making a fraudulent transfer of a motor vehicle after he rented a car from them in November of 2011.[2] In support of that claim, Wilson provides a news article that is dated February 2, 2012, which reports that Wilson and an associate were charged with felony theft and fraudulent transfer of a motor vehicle after renting a car from Hertz in November 2011, and then selling it to an unsuspecting victim on Craigslist.[3]

State court records confirm that the charges of theft and fraudulent transfer of a motor vehicle were dismissed on July 17, 2013, after Wilson was convicted in two other cases.[4] Arguing that

---

[1] See Docket Sheet, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited April 22, 2019).

[2] Complaint, Docket Entry No. 1, p. 5.

[3] Exhibit, "Missing rental car sold on Craigslist, 2 arrested," Docket Entry No. 8, pp. 2-3.

[4] See [State's] Motion to Dismiss, Case Nos. 1335130 and 1335131, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited April 22, 2019). In particular, Wilson was convicted and sentenced to four years' imprisonment for burglary of a habitation in Case No.
(continued...)

Hertz "slandered" his name by accusing of theft, Wilson seeks monetary damages from Hertz for his false arrest.[5]

## II. **Discussion**

The court does not reach the underlying merits of Wilson's claims because his Complaint is untimely. Wilson's civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). This means that Wilson had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under § 1983. See Smith v. Regional Transit Auth., 827 F.3d 412, 421 (5th Cir. 2016). A cause of action for false arrest and unlawful detention accrues when charges are filed and the plaintiff is detained pursuant to legal process. See Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008)(per curiam). Wilson's submissions make clear that he was detained pursuant to legal process shortly after his arrest in

---

[4](...continued)
1273814 and possession of a controlled substance in Case No. 1338852. See id.

[5]Complaint, Docket Entry No. 1, p. 5.
-3-

2012.⁶ His Complaint is dated February 27, 2019.⁷ Thus, his claims of false arrest are barred by the two-year statute of limitations, which expired well before he executed his Complaint. These claims are subject to dismissal as legally frivolous. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

Likewise, Wilson's allegations of defamation do not state a claim under 42 U.S.C. § 1983 because claims of libel or slander are actionable, if at all, only under state law. See Cook v. Houston Post, 616 F.2d 791, 794-95 (5th Cir. 1980). To the extent that Wilson asserts a state law claim, a defamation claim under Texas law is governed by a one-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.002(a). A cause of action for defamation accrues when a defamatory statement is published. See San Antonio Credit Union v. O'Connor, 115 S.W.3d 82, 96 (Tex. App. — San Antonio 2003, pet. denied) (citing Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976)). Because Wilson complains about a news report concerning his arrest that was published on February 2, 2012,⁸ his claims are well outside the one-year statute of limitations. For this additional reason, Wilson's Complaint is untimely and legally frivolous.

---

⁶Exhibit, "Missing rental car sold on Craigslist, 2 arrested," Docket Entry No. 8, pp. 2-3.

⁷Id. at 10.

⁸Exhibit, "Missing rental car sold on Craigslist, 2 arrested," Docket Entry No. 8, pp. 2-3.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Brandon Wilson (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 22nd day of April, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE